USAO2005R00984/RS

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06- 05 (JLL) |
| | : | |
| v. | | 18 U.S.C. §§ 701, 912, |
| | : | 1001(a)(2), 1028(a)(6) |
| RAJ MUKHERJI | : | |

### I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

#### COUNTS 1-3

(False personation of an officer or employee of the United States)

1. At all times relevant to this Indictment:

a. The United States Department of Defense ("DOD") was an executive department of the United States of America. The DOD was responsible for, among other things, providing and maintaining the military forces of the United States.

b. The Defense Intelligence Agency ("DIA") was an agency of the DOD. The DIA was responsible for, among other things, advising the DOD, its components, and others on all matters concerning military and military-related intelligence. The term "military intelligence" generally refers to intelligence

on any foreign military or military-related situation or activity that is significant to policy-making or the planning and conduct of military operations and activities.

    c.    Defendant RAJ MUKHERJI was a resident of New Jersey.

    d.    Defendant RAJ MUKHERJI was not an employee of the DIA. Furthermore, defendant RAJ MUKHERJI has never been issued DIA Special Agent or DIA representative credentials or a badge.

    2.    On or about October 25, 2002, defendant RAJ MUKHERJI sent a letter to the Justice of the Peace Court, in Harrington, Delaware, asking that the court dismiss a summons issued to defendant RAJ MUKHERJI by the Felton, Delaware, Police Department for excessive speeding. In that letter, defendant RAJ MUKHERJI stated, in substance and in part, that he was "a DLPP agent for U.S. Defense Intelligence." Furthermore, defendant RAJ MUKHERJI stated, in substance and in part, that it would be "extremely difficult [for him] to physically appear" in court and noted that he was scheduled to travel to Amman, Jordan in October 2002, and immediately thereafter to Calcutta, India. In the letter, defendant RAJ MUKHERJI identified his e-mail address as "RAJ@DIA.USDOD.US". The summons was dismissed following the receipt of defendant RAJ MUKHERJI's letter.

    3.    On or about November 5, 2002, defendant RAJ MUKHERJI walked into the United States Consulate in Calcutta, India, and stated, in substance and in part, that he needed to

speak with a representative of the Defense Attache Office ("DAO"). After he was told that the DAO was located in New Delhi, India, defendant RAJ MUKHERJI presented a gold badge purporting to be issued by "Defense Intelligence" and stated, in substance and in part, that his orders were to contact the DAO in Calcutta regarding his work assignments.

4. The badge referred to in Paragraph 3 was a gold-colored shield with the name "MUKHERJI" embossed across the top, the words "DEFENSE" and "INTELLIGENCE" embossed under the name "MUKHERJI," the initials "USDOD" embossed at the bottom, and the Great Seal of the United States imprinted in the middle.

5. In or about May 2004, defendant RAJ MUKHERJI applied for employment with "WGU, Inc." a security services company located in Manalapan, New Jersey. WGU, Inc. was a subsidiary of the "A Group," a computer company also located in Manalapan, New Jersey. Defendant RAJ MUKHERJI represented, in substance and in part, to WGU, Inc. that he had several contacts in the "Government," and thus, could help WGU, Inc. secure government contracts to provide security services. In support, defendant RAJ MUKHERJI presented the Defense Intelligence badge, described in Paragraph 4, to an employee of the A Group. In addition, defendant RAJ MUKHERJI presented a "Defense Intelligence" picture identification card and an "Intelligence Community" card (collectively referred to as the "Defense

Intelligence credentials"). Based upon his representations, WGU, Inc. hired defendant RAJ MUKHERJI and paid him a salary.

6. The "Defense Intelligence" picture identification card referred to in Paragraph 5 was entitled "Defense Intelligence, United States Intelligence Community, Employee Identification." The cardholder was identified as defendant RAJ MUKHERJI, and the card had a photograph of defendant RAJ MUKHERJI. The seal of the United States Department of Defense was affixed to the upper lefthand corner of the card.

7. The "Intelligence Community" card referred to in Paragraph 5 stated, in substance and in part, that "[t]he bearer MUKHERJI, R. [social security number] is an employee of one or more United States Intelligence Community member entities, as indicated on the accompanying identification. He holds the requisite clearances and is authorized to carry government-issued firearms in the course of carrying out official duties." The card also stated, in substance and in part, that "[a]ll U.S. and allied personnel are requested by the director of bearer's I.C. component and the Director of Central Intelligence to render all appropriate assistance."

8. The Defense Intelligence badge and the Defense Intelligence credentials described in Paragraphs 4, 6, and 7, respectively, were not issued or otherwise authorized by the DOD or any of its components, including the DIA.

9. On or about the dates listed below, in the District of New Jersey, and elsewhere, defendant

RAJ MUKHERJI

did falsely assume and pretend to be an officer and employee acting under the authority of the United States and a department, agency and officer thereof, namely the Defense Intelligence Agency of the United States Department of Defense, and acted as such:

| COUNT | APPROXIMATE DATE |
|---|---|
| 1 | October 25, 2002 |
| 2 | November 5, 2002 |
| 3 | May of 2004 |

In violation of Title 18, United States Code, Section 912.

## COUNT 4

### (Fraud and related activity in connection with identification document)

1. Paragraphs 1-8 of Counts 1-3 are hereby incorporated and realleged as if fully set forth herein.

2. On or about November 8, 2004, a New Brunswick Police Officer recovered the "Defense Intelligence" badge, more fully described in Paragraph 4 of Counts 1-3, and the Defense Intelligence credentials, described in Paragraphs 6-7 of Counts 1-3, from the possession of defendant RAJ MUKHERJI.

3. On or about November 8, 2004, in the District of New Jersey, and elsewhere, defendant

### RAJ MUKHERJI

did knowingly possess an identification document, namely the false Defense Intelligence credentials described in Paragraphs 6-7 of Counts 1-3, that appeared to be an identification document of the United States, namely credentials issued by the Defense Intelligence Agency of the United States Department of Defense, which was produced without lawful authority, knowing that such document was produced without such authority.

In violation of Title 18, United States Code, Section 1028(a)(6).

## COUNT 5

(Unauthorized possession of official badge,
identification card, and insignia)

1. Paragraphs 1-8 of Counts 1-3 are hereby incorporated and realleged as if fully set forth herein.

2. On or about November 8, 2004, in the District of New Jersey, and elsewhere, defendant

### RAJ MUKHERJI

did knowingly possess a colorable imitation of a badge, identification card, and other insignia, namely the false Defense Intelligence credentials described in Paragraphs 6-7 of Counts 1-3, of the design prescribed by the head of a department and agency of the United States, namely the Department of Defense, for use by any officer and employee thereof, without authorization.

In violation of Title 18, United States Code, Section 701.

COUNT 6

(False Statement to law enforcement officers)

1. Paragraphs 1-8 of Counts 1-3 are hereby incorporated and realleged as if fully set forth herein.

2. At all times relevant to this Indictment, the Federal Bureau of Investigation ("FBI") was a component of the United States Department of Justice.

3. On or about July 29, 2005, during a review of defendant RAJ MUKHERJI's computer pursuant to a court-authorized search warrant, the Middlesex County Prosecutor's Office found images of the false Defense Intelligence credentials described in Paragraphs 6-7 of Counts 1-3 on defendant RAJ MUKHERJI's computer.

4. On or about July 29, 2005, agents from the FBI began investigating the incident described in Paragraph 3. In particular, FBI agents were attempting to learn the origin of the false Defense Intelligence credentials described in Paragraphs 6-7 of Counts 1-3.

5. On or about July 29, 2005, FBI agents spoke with defendant RAJ MUKHERJI about the false Defense Intelligence credentials described in Paragraphs 6-7 of Counts 1-3. When asked about the false credentials, defendant RAJ MUKHERJI stated, in substance and in part, that (1) he was issued the credentials

during his employment with a company named "R6"; and (2) the company, "R6" issued him the credentials because it wanted to help him identify himself when he traveled overseas on business. Defendant RAJ MUKHERJI further stated, in substance and in part, that "R6" was a subsidiary of the A Group.

6.  Neither the A Group nor any of its subsidiaries issued the false credentials to defendant RAJ MUKHERJI.

7.  On or about July 29, 2005, in the District of New Jersey and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely the Federal Bureau of Investigation, defendant

RAJ MUKHERJI

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, namely that "R6," a former employer, issued to him the false Defense Intelligence credentials described in Paragraphs 6-7 of Counts 1-3.

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

_____
CHRISTOPHER J. CHRISTIE
United States Attorney

CASE NUMBER: 2005R00984

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

RAJ MUKHERJI

## INDICTMENT FOR

18 U.S.C. §§ 701, 912, 1001(a), 1028(a)(6)

A True Bill,



Foreperson

CHRISTOPHER J. CHRISTIE
U.S. ATTORNEY
NEWARK, NEW JERSEY

RICARDO SOLANO JR.
ASSISTANT U.S. ATTORNEY
(973) 645-2724

USA-48AD 8
(Ed. 1/97)

