

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

**VIA ECF**

December 11, 2007

Honorable Jose L. Linares,
 United States District Judge
M.L. King Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:   *United States v. Mukherji*,
              Crim. No. 06-0065

Dear Judge Linares:

      As the Court knows, this firm represents defendant Raj Mukherji in the above-referenced matter. Please accept this letter in lieu of a more formal submission in support of defendant Mukherji's request for modifications to his conditions of pretrial release. For the reasons set forth below, this motion should be granted and the defendant's conditions of pretrial release should be revised so that he may travel without restriction within the United States and so that his $100,000 bond is not required to be secured by 10% in cash.

      Defendant Mukherji seeks a revision of the travel restrictions so that he may travel to school in Pennsylvania, military duty in Washington, D.C., and New York City and elsewhere, in connection with his job and for other, personal, reasons. He further seeks the release of $10,000 (which is currently held as the 10% security on his bond) so that he may continue to retain the counsel of his choice. As discussed in Section II, *infra*, this motion should be granted because neither the travel restrictions, nor retaining the $10,000 are necessary to reasonably assure his presence in court or to protect the public. *See* 18 U.S.C. § 3142(c) (stating the primary goals of pretrial release subject to conditions).

**I.**     **BACKGROUND**

      On January 23, 2006, defendant Mukherji, then 21 years of age, was indicted and charged with possessing false federal identification and making a false statement to the FBI. On January 27, 2006, the Honorable Patty Schwartz set his conditions of pretrial release to include: (1) a $100,000 bond, secured by 10% cash and the personal guaranty of an approved co-signer; (2) the surrender of passports; (3) the prohibition of travel outside the state of New Jersey unless otherwise approved by Pretrial Services; (4) the requirement that he surrender his firearms card, and his firearm, to law enforcement officials or to an approved third party; and (5) a mental evaluation.

GIBBONS P.C.

Page 2

## II. LEGAL ARGUMENT

### A. The Applicable Legal Standard

Conditions of pretrial release must be "reasonably necessary to assure the appearance of the person as required and to assure the safety of … the community." 18 U.S.C. § 3142(c)(1) & (c)(1)(B)(xiv). *See also United States v. Himler*, 797 F.2d 156, 159 (3d Cir. 1986). More specifically, the Court must place the defendant under:

> the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community ….

18 U.S.C. § 3142(c)(1)(B). In fashioning the appropriate conditions, the Court considers: (1) the nature and circumstances of the crimes charged; (2) the evidence of the defendant's guilt; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4). The Government bears the burden of proving that a particular condition or combination of conditions is necessary to reasonably assure the defendant's appearance as required. *Himler*, 797 F.2d 156 at 160-61.

### B. Defendant Mukherji's Conditions Of Pretrial Release Should Be Modified

#### 1. The Nature And Circumstances Of The Crimes Charged, And The Evidence Of The Defendant's Guilt (18 U.S.C. § 3142(g)(1) & (2))

Defendant Mukherji is charged, in sum, with possessing false federal identification. The events in the indictment are alleged to have occurred when Mr. Mukherji was between 17 and 20 years old. To be sure, the charges against defendant are serious. Indeed, some are federal felonies. Nonetheless, they are non-violent offenses, which are alleged to have occurred from three to five years ago and, perhaps most significantly, there has never been any allegation, insinuation, or implication, that his possession of those allegedly false identification cards was for any nefarious purpose. Indeed, there is substantial evidence that the credentials were accurate in several important respects and, whatever the Government's alleged proofs, it is far from certain that the conduct at issue is within the scope of statutes charged in the Indictment. In any event, the conditions of pretrial release -- with the requested modifications -- are more than sufficient given the charges in this case to assure his presence in court and to protect the community.

#### 2. The History And Characteristics Of The Defendant (18 U.S.C. § 3142(g)(3))

For the following three reasons, defendant Mukherji's history and characteristics demonstrate that the travel restrictions and the $10,000 cash requirement should be removed from his conditions of pretrial release. First, defendant Mukherji has never failed to appear before this Court, or any other, as required. His faithful discharge of his obligations in that

regard bespeak, perhaps more than anything, his respect for the judicial proceedings against him, and his need to appear in court as necessary. He has, and will continue to appear and vigorously defend these charges, so that he may attend law school and continue on with his career.

Second, since his self-surrender on this charges nearly two years ago, defendant Mukherji has complied, diligently and without incident, with each and every condition of pretrial release. He reports as required to Pretrial Services. He keeps Pretrial Services informed of his whereabouts. In the 23 months since he was indicted, defendant Mukherji has been given permission to travel to other states, and elsewhere, on numerous occasions. He has traveled widely -- to Pennsylvania, Washington, D.C., California, Puerto Rico, and elsewhere -- usually as a consequence of his academic or military obligations. He has been granted permission to possess and use a firearm in connection with his military service. He has always, without exception, returned as scheduled from his travels. In short, he has adhered perfectly to the conditions of his release despite the considerable demands he has faced as, among other things, a graduate student, a Marine Corps reservist, and a working lobbyist.

Third, defendant Mukherji is strongly connected to New Jersey, both personally and professionally. He owns a home in Fanwood, New Jersey, and a condominium (in which he lives) in Jersey City, New Jersey. Based upon his need to fund the legal costs associated with his defense of these charges, those properties are for sale and, at some point, he will secure more modest living quarters in New Jersey. Mr. Mukherji earned his bachelor's degree from Thomas Edison State College in Trenton, New Jersey, and, after graduating, was accepted to Seton Hall University School of Law on a Chancellor's Scholarship, the highest merit scholarship awarded by the law school. (He is, as a result of this case, currently on a leave of absence from law school.) Indeed, over the years, Mr. Mukherji has remained firmly rooted in his home state, even going so far as to commute to and from the Massachusetts college he attended as a freshman so that he could continue to work in New Jersey.

He has built a professional life as a lobbyist and entrepreneur around his connections and commitment to New Jersey. Indeed, Mr. Mukherji's intimate knowledge of local issues, the relationships he has cultivated over many years, and his involvement in the community are at the very heart of his work -- and his success. He is a co-founding partner of Impact NJ, which, since its creation, has grown into one of State Street's most sought-after governmental affairs firms. Finally, despite the demands of school, work, and military service, Mr. Mukherji has made every effort to support a number of charitable and civic causes in his own New Jersey community.

3. The Safety Of The Community (18 U.S.C. §3142(g)(4))

With respect to 18 U.S.C. § 3142(g)(4), the Government has never claimed that defendant Mukherji poses a risk to any person or to the community. Indeed, at his initial detention hearing, the Government endorsed his release on his own recognizance. The additional conditions were, quite understandably, imposed by Judge Schwartz based upon then-pending stalking charges in the Middlesex County Superior Court of New Jersey. Those charges were dismissed on January 8, 2007; separately, a non-criminal disorderly persons charge was

GIBBONS P.C.

Page 4

dismissed on July 13, 2007. Thus, to the extent that the conditions of Mr. Mukherji's release were based upon, or prompted by, the State charges, they should be modified.

### III.    CONCLUSION

For the reasons set forth above, the travel restrictions are not "reasonably necessary to assure" defendant Mukherji's appearance in court or to protect the community. Nor, for that matter, is the $10,000 cash requirement. Indeed, defendant Mukherji is a young man of modest means and is making valiant efforts to have funds available to defend this case, return to law school, and continue his career. His conditions of pretrial release should be adjusted accordingly.

Respectfully submitted,

/s/ Lawrence S. Lustberg

Lawrence S. Lustberg

cc:    Raj Mukherji
       Philip J. Degnan, Ass't U.S. Attorney