**U.S. Department of Justice**



*United States Attorney*
*District of New Jersey*

---

*Philip James Degnan*  *970 Broad Street, Suite 700*  *(973)645-2713*
*Assistant U.S. Attorney*  *Newark, NJ 07102*  *Fax (973) 645-3988*

December 24, 2007

**VIA ECF and REGULAR MAIL**

Honorable Jose L. Linares
United States District Judge
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, New Jersey  07102

    Re: United States v. Raj Mukherji
        Criminal No. 06-65 (JLL)

Dear Judge Linares:

    Please accept this letter in lieu of a more formal submission in response to defendant Raj Mukherji's December 11, 2007 request for modification of his conditions of pretrial release.  Defendant seeks relief on two grounds.  First, defendant requests that the Court release $10,000.00, which defendant posted to secure a $100,000.00 bond.  Second, defendant requests that the Court remove the travel restrictions imposed upon him by the Magistrate Judge during his initial appearance.  For the reasons discussed below, the United States respectfully requests that the Court deny defendant's request in part.

    With respect to defendant's first request, the Government does not oppose the return of funds to defendant.

    With respect to defendant's second request, the Government does believe that a continuation of the minimally invasive travel restrictions is warranted.  Indeed, requiring that defendant notify Pretrial Services of his out-of-district travel represents one of the least restrictive conditions that would reasonably assure defendant's appearance in this matter.  See 18 U.S.C. § 3142(c)(1)(B).  The Government believes that continued travel restrictions are warranted in light of the history and characteristics of the defendant.  See 18 U.S.C. § 3142(g)(3). While defendant makes note of his ties to the community in New Jersey, see Letter dated December 11, 2007 at 2-3, he fails to discuss his strong ties to communities outside of New Jersey.

Specifically, defendant's family resides in India.  Moreover, one of the allegations contained in the Indictment returned against Mr. Mukherji is based upon conduct that took place while Mr. Mukherji was traveling in India.  There is ample evidence that defendant has traveled internationally in the past.  The Court must take into consideration the fact that Mr. Mukherji has a family network that would facilitate his relocation from the United States, outside of the jurisdiction of this Court.  The minimal travel restriction placed upon this defendant, given his ties to a foreign jurisdiction, are necessary and appropriate to reasonably assure his continued appearance.

Furthermore, the evidence against defendant in this matter is compelling.  See 18 U.S.C. § 3142(g)(2).  The Government's evidence will show that defendant was in possession of false identification documents, specifically a badge and corresponding credentials, that were not lawfully produced.  Additionally, the Government will prove that defendant falsely represented or caused people to believe that he was a Defense Intelligence Agent, which he was not, and that he received certain benefits as a result of his false representations.  Finally, the Government will prove that the defendant lied about his conduct to federal law enforcement officers.  Whether or not some aspect of the badge or credentials was technically accurate is of no moment.  The Government submits that its case against defendant Mukherji is strong and will result in a conviction.

For the reasons stated above, the Government respectfully requests that defendant's request for relief, as to his travel restrictions, be denied.  The Government believes that the travel restrictions are minimally invasive and are necessary to assure defendant's continued appearance in this matter.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

S/ Philip James Degnan

BY: PHILIP JAMES DEGNAN
Assistant U.S. Attorney

cc:   Lawrence S. Lustberg, Esq.
      Michael A. Baldassare, Esq.
      Jennifer Pace, U.S. Pretrial Services