# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO.: 06-65 |
| v. | |
| RAJ MUKHERJI, | Before: Honorable Jose L. Linares, United States District Judge |
| Defendant. | |

---

# BRIEF IN SUPPORT OF DEFENDANT RAJ MUKHERJI'S
# MOTION TO SUPPRESS

---

On the Brief:
Lawrence S. Lustberg, Esq.
Michael A. Baldassare, Esq.
Jed Goldstein, Esq.

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

*Attorneys for Defendant*
*Raj Mukherji*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii
I.    PRELIMINARY STATEMENT ....................................................................................... 1
II.   STATEMENT OF FACTS ................................................................................................ 2
III.  ARGUMENT ..................................................................................................................... 4
      A.   Introduction ............................................................................................................ 4
      B.   The Evidence Should Be Suppressed .................................................................... 4
           1.   The Applicable Legal Standard .................................................................. 4
           2.   The Motion Should Be Granted .................................................................. 6
      C.   In The Alternative, A Suppression Hearing Is Warranted .................................... 7
           1.   The Applicable Legal Standard .................................................................. 7
           2.   The Motion Should Be Granted .................................................................. 9
IV.   CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Colorado v. Bertine*,
   479 U.S. 367 (1987) ............................................................................................. 7

*Couden v. Duffy*,
   446 F.3d 483 (3d Cir. 2006) ........................................................................... 7, 10

*Dow Chemical Co. v. United States*,
   476 U.S. 227 (1986) ............................................................................................. 5

*Groh v. Ramirez*,
   540 U.S. 551 (2004) ............................................................................................. 5

*Horton v. California*,
   496 U.S. 128 (1990) ......................................................................................... 6, 8

*Katz v. United States*,
   389 U.S. 347 (1967) ............................................................................................. 5

*Kyllo v. United States*,
   533 U.S. 27 (2001) ............................................................................................... 5

*Mincey v. Arizona*,
   437 U.S. 385 (1978) ......................................................................................... 4, 6

*Parkhurst v. Trapp*,
   77 F.3d 707 (3d Cir. 1996) .................................................................................. 7

*Schneckloth v. Bustamonte*,
   412 U.S. 218 (1973) ......................................................................................... 5, 6

*Singleton v. C.I.R.*,
   606 F.2d 50 (3d Cir. 1979) .............................................................................. 5, 6

*Steagald v. United States*,
   451 U.S. 204 (1981) ............................................................................................. 7

*United States v. Doughty*,
   No. 08-cr-375, 2008 WL 4308123 (S.D.N.Y. Sept. 19, 2008) ............................ 5

*United States v. Myers*,
   700 F. Supp. 1358 (D.N.J. 1988) ......................................................................... 5

*United States v. Badback*,
  No. 2:07-CR-813, 2008 WL 3539661 (D. Utah Aug. 11, 2008) ................................. 5

*United States v. Brink*,
  39 F.3d 419 (3d Cir. 1994) ......................................................................................... 7

*United States v. Brown*,
  551 F. Supp. 2d 947 (D. Ariz. 2008) .......................................................................... 5

*United States v. Carr*,
  187 Fed. Appx. 602 (6th Cir. 2006) ............................................................................ 5

*United States v. Chambers*,
  395 F.3d 563 (6th Cir. 2005) ...................................................................................... 5

*United States v. Crist*,
  No. 07-cr-211, 2008 WL 4682806 (M.D. Pa. Oct. 22, 2008) ..................................... 5

*United States v. Foster*,
  287 F. Supp. 2d 527 (D. Del. 2003) ............................................................................ 7

*United States v. Hanson*,
  138 Fed. Appx. 39 (9th Cir. 2005) .............................................................................. 6

*United States v. Hebron*,
  243 F. Supp. 2d 90 (D. Del. 2003) .............................................................................. 8

*United States v. Herrold*,
  962 F.2d 1131 (3d Cir. 1992) ................................................................................. 8, 9

*United States v. Howell*,
  231 F.3d 615 (9th Cir. 2000) .................................................................................. 7, 9

*United States v. Jackson*,
  560 F. Supp. 2d 331 (D. Del. 2008) ............................................................................ 5

*United States v. Jihad*,
  159 Fed. Appx. 367, 2005 WL 3409624 (3d Cir. 2005) ............................................. 7

*United States v. Johnson*,
  53 F.3d 242 (3d Cir. 1995) ..................................................................................... 8, 9

*United States v. Lopez-Arias*,
  344 F.3d 623 (6th Cir. 2003) ...................................................................................... 6

*United States v. McKneely*,
  6 F.3d 1447 (10th Cir. 1993) ...................................................................................... 8

*United States v. McKoy*,
  428 F.3d 38 (1st Cir. 2005)..................................................................................... 5

*United States v. Montgomery*,
  No. 08-cr-0041, 2008 WL 4682803 (M.D. Pa. Oct. 22, 2008).................................. 5

*United States v. Perkins*,
  348 F.3d 965 (11th Cir. 2003) ................................................................................. 6

*United States v. Ramos*,
  443 F.3d 304 (3d Cir. 2006) .................................................................................... 5

*United States v. Ritter*,
  416 F.3d 256 (3d Cir. 2005) ............................................................................ 6, 8, 9

*United States v. Saari*,
  272 F.3d 804 (6th Cir. 2001) ................................................................................... 6

*United States v. Santos*,
  340 F. Supp. 2d 527 (D.N.J. 2004) .................................................................. 5, 7, 8

*United States v. Silveus*,
  --- F.3d ----, No. 07-3544, 2008 WL 4138460 (September 9, 2008 3d Cir. 2008)..... 5

*United States v. Smith*,
  No. 3:07-cr-158, 2008 WL 4065936 (E.D. Tenn. Aug. 27, 2008) ............................ 5

*United States v. Varela-Delgado*,
  547 F. Supp. 2d 704 (W.D. Tex. 2008) ................................................................... 5

*United States v. Voigt*,
  89 F.3d 1050 (3d Cir. 1996) ........................................................................... 7, 8, 9

*United States v. Walczak*,
  783 F.2d 852 (9th Cir. 1986) ................................................................................... 9

*United States v. Waterman*,
  549 F. Supp. 2d 593 (D. Del. 2008) ........................................................................ 5

*United States v. Williams*,
  413 F.3d 347 (3d Cir. 2005) .................................................................................... 5

*United States v. Williams*,
  No. 3:2007-5, 2008 WL 4068467 (W.D. Pa. Sept. 02, 2008) .................................. 5

*United States v. Wilson*,
  506 F.3d 488 (6th Cir. 2007) ................................................................................... 5

*United States. v. Chun Yen Chiu*,
  857 F. Supp. 353 (D.N.J 1993) .................................................................................... 5

*Wong Sun v. United States*,
  371 U.S. 471 (1963) ............................................................................................ 6, 7, 8, 9

## **STATUTES**

18 U.S.C. § 1001 ............................................................................................................... 2

18 U.S.C. § 1028 ............................................................................................................... 2

18 U.S.C. § 701 ................................................................................................................. 2

18 U.S.C. § 912 ................................................................................................................. 2

*N.J.S.A.* 2C:35-24 .............................................................................................................. 2

## **RULES**

Fed. R. Civ. P. 12(b)(3)(C) ................................................................................................ 1

**I.      PRELIMINARY STATEMENT**

Defendant Raj Mukherji respectfully submits this brief in support of his motion to suppress evidence pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C). This prosecution is based primarily upon Mr. Mukherji's possession of a defense intelligence card, an intelligence community card, and a badge (collectively the "Identification Documents"). The prosecution contends that those Identification Documents are false and that, therefore, Mr. Mukherji's possession and use of them violated federal law. Mr. Mukherji, a defense intelligence specialist in the United States Marine Corps Reserve who enlisted at the age of 17, two weeks after the 9/11 terrorist attacks on this country, disputes the prosecution's claim that the Identification Documents are false. For purposes of this motion, however, the relevant fact is that those documents were illegally seized from Mr. Mukherji in clear violation of the protections of the Fourth Amendment to the United States Constitution. The Identification Documents should therefore be suppressed, or in the alternative, the Court should hold a suppression hearing to ascertain any relevant facts and resolve any disputed facts.

**II.     STATEMENT OF FACTS**

On November 8, 2004, New Brunswick Police Officers were dispatched to an apartment at 33 Duke Street to respond to a domestic disturbance call. Upon arriving, the officers encountered the defendant, Raj Mukherji. He held a small blue Tiffany shopping bag that contained a pack of cigarettes and a gift box, the latter of which was snapped shut. Inside that gift box were a piece of jewelry and a small jewelry bag, which was zippered shut. Inside the zippered jewelry bag was a small plastic bag containing eight Ritalin pills.[1]

As the officers questioned Mr. Mukherji, an officer took the Tiffany bag from Mr. Mukherji, reached into it, removed the gift box, opened it, removed the closed jewelry bag, unzipped it, and removed and examined the contents. This was all done without Mr. Mukherji's consent. Exhibit 1. Based upon the discovery of the Ritalin pills, Mr. Mukherji was arrested and charged with possessing prescription drugs, in violation of *N.J.S.A.* 2C:35-24, a disorderly persons offense. Exhibit 2. Following his arrest, the police seized the Identification Documents. On or about February 17, 2005, the disorderly persons offense was dismissed by the New Brunswick Municipal Court. The defendant did not, as is often the case in municipal court, stipulate to probable cause in exchange for the dismissal.

On January 23, 2006, a federal grand jury indicted Mr. Mukherji based upon his possession of the same Identification Documents that were seized following his arrest by the New Brunswick police, as well as upon his alleged use of them, and his purported statements to the FBI about them. Exhibit 3. Thus, Counts 1-5 allege that Mr. Mukherji possessed and used credentials that misrepresented his status as a member of the United States intelligence community, in violation of 18 U.S.C. §§ 912, 1028, and 701. Count 6 charges that he lied to the FBI about the source of the Identification Documents, in violation of 18 U.S.C. § 1001. Mr. Mukherji has pleaded not guilty. In large measure, Mr. Mukherji maintains his innocence based upon the fact that the information on the Identification Documents is accurate. Mr. Mukherji

---

[1] Ritalin is used to treat Attention-Deficit Hyperactivity Disorder ("ADHD"). *See* www.mentalhealth.com/drug/p30-r03.html.

- 3 -

does admit that the Identification Documents omitted his age so that he could get into bars before turning 21. The trial of this matter is scheduled to begin on January 20, 2009.

### III.    ARGUMENT

####    A.    Introduction

The Court should suppress the Identification Documents because they were seized pursuant to a warrantless (and therefore *per se* unconstitutional) search and seizure. The "search incident to arrest" exception to the warrant requirement does not apply because the arrest -- which led to the discovery of those documents -- was invalid. And the arrest, in turn, was invalid because it was based upon the seizure of pills found in a sealed container in Mr. Mukherji's possession that he did not give consent to be searched. Thus, as discussed in the Section III.B, *infra*, the Court should suppress the Identification Documents as fruits of the poisonous tree.

At the very least, the Court should hold a suppression hearing because Mr. Mukherji has met the applicable legal standard to require such a proceeding. In sum, Mr. Mukherji has more than demonstrated a colorable claim for relief, *i.e.*, that the warrantless search and seizure at issue in this case violated the rights provided by the Fourth Amendment. When a defendant makes such a showing, the prosecution bears the burden of demonstrating that the warrantless search and seizure were legal. Holding a suppression hearing is the appropriate manner by which to evaluate whether the prosecution has carried its burden. For the reasons set forth in Section III.C, *infra*, such a hearing is appropriate.

####    B.    The Evidence Should Be Suppressed

#####        1.    The Applicable Legal Standard

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Based upon the Fourth Amendment's explicit warrant requirement, warrantless searches are *per se* unconstitutional, *Mincey v. Arizona*, 437 U.S. 385, 390 (1978); *United States v. Silveus*, --- F.3d ----, No. 07-3544, 2008 WL 4138460, at *3 (September 9, 2008

3d Cir. 2008) (citing *United States v. Williams*, 413 F.3d 347, 352 (3d Cir. 2005); *Singleton v. C.I.R.*, 606 F.2d 50, 52 (3d Cir. 1979) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)). In other words, they are presumed to violate the Fourth Amendment. *Groh v. Ramirez*, 540 U.S. 551, 559 (2004); *Kyllo v. United States*, 533 U.S. 27, 32 (2001) (citing *Dow Chemical Co. v. United States*, 476 U.S. 227, 234-235 (1986)); *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006) (citing *Katz v. United States*, 389 U.S. 347, 356-357 (1967)).

When faced with an unconstitutional warrantless search, courts do not hesitate to suppress the evidence seized as a result of that search. *See generally United States v. Montgomery*, No. 08-cr-0041, 2008 WL 4682803 (M.D. Pa. Oct. 22, 2008) (suppressing evidence located following a warrantless search); *United States v. Crist*, No. 07-cr-211, 2008 WL 4682806 (M.D. Pa. Oct. 22, 2008) (same); *United States v. Doughty*, No. 08-cr-375, 2008 WL 4308123 (S.D.N.Y. Sept. 19, 2008) (same); *United States v. Williams*, No. 3:2007-5, 2008 WL 4068467 (W.D. Pa. Sept. 02, 2008) (same); *United States v. Smith*, No. 3:07-cr-158, 2008 WL 4065936 (E.D. Tenn. Aug. 27, 2008) (same); *United States v. Badback*, No. 2:07-CR-813, 2008 WL 3539661 (D. Utah Aug. 11, 2008) (same); *United States v. Waterman*, 549 F. Supp. 2d 593 (D. Del. 2008) (same); *United States v. Varela-Delgado*, 547 F. Supp. 2d 704 (W.D. Tex. 2008) (same); *United States v. Jackson*, 560 F. Supp. 2d 331 (D. Del. 2008) (same); *United States v. Brown*, 551 F. Supp. 2d 947 (D. Ariz. 2008) (same); *United States v. Santos*, 340 F. Supp. 2d 527 (D.N.J. 2004) (same); *United States. v. Chun Yen Chiu*, 857 F. Supp. 353 (D.N.J 1993) (same); *United States v. Myers*, 700 F. Supp. 1358 (D.N.J. 1988) (same).

And, not surprisingly given the sacrosanct protections afforded by the Fourth Amendment, United States Circuit Courts of Appeals regularly affirm decisions to suppress evidence. *E.g., United States v. Wilson*, 506 F.3d 488, 496 (6th Cir. 2007) (affirming district court's decision suppressing evidence gathered in warrantless search); *United States v. Carr*, 187 Fed. Appx. 602, 607 (6th Cir. 2006) (same); *United States v. McKoy*, 428 F.3d 38, 41 (1st Cir. 2005) (same); *United States v. Chambers*, 395 F.3d 563, 570 (6th Cir. 2005) (same); *United

*States v. Hanson*, 138 Fed. Appx. 39, 40-41 (9th Cir. 2005) (same); *see also United States v. Lopez-Arias*, 344 F.3d 623, 631 (6th Cir. 2003) (affirming district court's decision suppressing evidence seized incident to defendant's warrantless arrest); *United States v. Perkins*, 348 F.3d 965, 972 (11th Cir. 2003) (same); *United States v. Saari,* 272 F.3d 804, 812 (6th Cir. 2001) (same).

### 2.     The Motion Should Be Granted

The basis for suppressing the Identification Documents is straightforward. They were seized without a warrant. Warrantless searches are *per se* unconstitutional, *Mincey*, 437 U.S. at 390, and the fruits of such searches should be suppressed, *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963)). Here, the defendant was arrested by the New Brunswick Police Department based upon the discovery of eight Ritalin pills in a zippered bag inside a closed gift box, inside a Tiffany bag he was holding when the police arrived. The police officer took the Tiffany bag from him and opened the gift box; he then opened the zippered bag inside it without the defendant's consent. Exhibit 1. At that time, Mr. Mukherji was not, of course, under arrest. Exhibit 1. The police officer's actions violated the protections of the Fourth Amendment. *Singleton*, 606 F.2d at 52 ("[w]arrantless searches without proper consent are per se unreasonable under the Fourth Amendment except in certain carefully defined classes of cases") (citing *Schneckloth*, 412 U.S. at 219). The subsequent arrest (based upon the pills found in the zippered bag after the illegal search) is, therefore, invalid. And, the Identification Documents (upon which this federal matter is focused) that were found incident to this (illegal) arrest are inadmissible as fruits of the poisonous tree.

Of course, in "a few specifically established and well-delineated" situations, *Horton*, 496 U.S. at 133 n.4, evidence seized following a warrantless search may be used against a defendant. Those situations -- the so-called "exceptions to the warrant requirement" -- are applicable only when the prosecution demonstrates that an exception to the warrant requirement applies. *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005) (the prosecution "bears the burden of showing

that each individual act constituting a search or seizure" complies with the strictures of the Fourth Amendment). The exceptions here at issue are a consent search, and a search incident to a valid arrest. *Couden v. Duffy*, 446 F.3d 483, 496 (3d Cir. 2006) (consent is an exception to the warrant requirement) (citing *Steagald v. United States*, 451 U.S. 204 (1981)); *Parkhurst v. Trapp*, 77 F.3d 707, 711 (3d Cir. 1996) (search incident to a valid arrest is exception to warrant requirement provided) (citing *Colorado v. Bertine*, 479 U.S. 367 (1987)). But neither applies in this case. The consent exception does not apply because Mr. Mukherji did not consent to a search of the Tiffany bag or any of its contents. Exhibit 1. The search incident to a valid arrest does not apply because his arrest was based upon the fruits of the illegal search. Thus, the Identification Documents and those documents should be suppressed as fruits of the poisonous tree. *Wong Sun*, 371 U.S. at 484-85.

### C. In The Alternative, A Suppression Hearing Is Warranted

#### 1. The Applicable Legal Standard

The defendant must establish the necessity for a suppression hearing. *United States v. Santos*, 340 F. Supp. 2d 527, 533 (D.N.J. 2004) (citing *United States v. Foster*, 287 F. Supp. 2d 527 (D. Del. 2003)). In order to do so, however, he must only demonstrate a "colorable claim" for relief. *United States v. Jihad*, 159 Fed. Appx. 367, 369, 2005 WL 3409624, *1 (3d Cir. 2005) (quoting *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996)). *See also United States v. Brink*, 39 F.3d 419, 424 (3d Cir. 1994) (remanding for suppression hearing because the defendant alleged facts that, if true, "could violate a defendant's rights under the Sixth Amendment"). Thus, he "must do more than merely allege that a constitutional violation has occurred; the defendant must allege contested issues of fact material to the resolution of his constitutional claim." *Voigt*, 89 F.3d at 1067. A suppression hearing is therefore warranted if "the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Howell*, 231 F.3d at 620 (9th Cir. 2000). *See also Foster*, 287 F. Supp. 2d at 529 (noting that a "court shall conduct an evidentiary

hearing when 'at the very least, the factual dispute raised by [defendant's] moving papers and the government's response warranted an independent evidentiary hearing prior to trial' ") (quoting *Voigt*, 89 F.3d at 1067). Suppression hearings are considered particularly useful because they enable the district court "to place in the record its findings of fact and conclusions of law … which greatly facilitates appellate review." *Voigt*, 89 F.3d at 1068.

At the suppression hearing, the proponent of evidence seized pursuant to a warrantless search bears the burden of demonstrating that the search was reasonable. *Ritter*, 416 F.3d at 261 (3d Cir. 2005) (the prosecution "bears the burden of showing that each individual act constituting a search or seizure under the Fourth Amendment was reasonable"); *United States v. Herrold*, 962 F.2d 1131, 1143-44 (3d Cir. 1992) ("'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions'") (quoting *Horton v. California*, 496 U.S. 128, 133 n.4 (1990)). Thus, the prosecution must demonstrate by a preponderance of the evidence that the warrantless search was conducted in conformance with an exception to the warrant requirement. *United States v. Johnson*, 53 F.3d 242, 245 (3d Cir. 1995) (when the police conduct a search or seizure without a warrant, "the burden shifts to the government to show that the search or seizure was reasonable") (citing *United States v. McKneely*, 6 F.3d 1447, 1453 (10th Cir. 1993)); *United States v. Santos*, 340 F. Supp. 2d 527, 533 (D.N.J. 2004) ("where a search is conducted without a warrant, as is the case here, the burden shifts to the Government to demonstrate by a preponderance of the evidence that the warrantless search was conducted pursuant to one of the exceptions to the warrant requirement") (citing *United States v. Hebron*, 243 F. Supp. 2d 90 (D. Del. 2003)). The failure to bear that burden renders the evidence "the fruits of the poisonous tree" and, pursuant to the exclusionary rule, it should be suppressed. *Herrold*, 962 F.2d at 1143 (citing *Wong Sun*, 371 U.S. at 484-85).

### 2. The Motion Should Be Granted

Although Mr. Mukherji unequivocally states that he did not consent to a search or seizure of his property, Exhibit 1, it appears likely, based upon the police report, Exhibit 2, that the prosecution will argue to the contrary. Thus, a suppression hearing is necessary if the Court credits the prosecution's inevitable argument that the Identification Documents were seized pursuant to a consent search and a search incident to arrest. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (suppression hearing "ordinarily is required" is the defendant makes a specific allegation regarding the unconstitutional nature of a search). If the prosecution makes such an argument, it "bears the burden of showing that each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *Ritter* 416 F.3d at 261. Thus, the prosecution must demonstrate that the Identification Documents were seized pursuant to a valid arrest. To make that showing the prosecution must -- in demonstrating the validity of the arrest -- establish that the pills (upon which the arrest was based) were seized by consent. Mr. Mukherji unequivocally states that they were not. Exhibit 1.

Respectfully, the defendant's affidavit, as well as the preceding discussion, "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Howell*, 231 F.3d at 620. Mr. Mukherji has done more "than merely allege that a constitutional violation has occurred" and has, in fact, alleged what may be a "contested issue[] of fact material to the resolution of his constitutional claim." *Voigt*, 89 F.3d at 1067. The burden has, therefore, shifted to the prosecution. *Johnson*, 53 F.3d at 245.

Ultimately, and as will be elucidated by the testimony elicited at the suppression hearing, the pills were seized without Mr. Mukherji's consent, the arrest based upon the pills was invalid, and, therefore, the fruits of the search incident to that arrest (the Identification Documents) should be suppressed. *Herrold*, 962 F.2d at 1143 (citing *Wong Sun*, 371 U.S. at 484-85). Only by holding a hearing can the Court assess whether the prosecution has carried its burden to demonstrate that this *per se* unconstitutional warrantless search complied with the Fourth

Amendment because an exception applies.  *See generally Couden*, 446 F.3d at 496; *Parkhurst*, 77 F.3d at 711.

## IV. CONCLUSION

For the reasons set forth above, this motion should be granted and the Court should suppress the evidence or reserve on the issue until a suppression hearing is held and the parties submit supplemental briefs based upon the testimony and exhibits adduced.

                                               Respectfully submitted,

                                               GIBBONS P.C.

                                               *Attorneys for Defendant*
                                               *Raj Mukherji*

                                               By:    /s/ Lawrence S. Lustberg
                                                             Lawrence S. Lustberg, Esq.

                                               By:    /s/ Michael A. Baldassare
                                                             Michael A. Baldassare, Esq.

                                             Date:   October 27, 2008