

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

**FILED ELECTRONICALLY**

November 7, 2008

Honorable Jose L. Linares,
 United States District Judge
M. L. King Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:  *United States v. Mukherji*,
          No. 06-65

Dear Judge Linares:

      As the Court knows, this Firm represents Raj Mukherji, the defendant in the above-referenced matter. Please accept this letter brief in lieu of a more formal submission in reply to the prosecution's opposition to the defendant's motion to suppress evidence. For the reasons set forth below, including the prosecution's acknowledgement that, "The Government's version of the events differs significantly from defendant's[,]" Pro.'s Br. at 3, it is clear that a suppression hearing is warranted.

      Initially, it bears noting that the defendant disagrees with the prosecution's articulation of the exceptions to the warrant requirement that are pertinent hereto, and the legal standards applicable thereto. In the interest of brevity, and because it is now clear that this dispute must proceed to a suppression hearing, that disagreement is not detailed in this submission. The defendant will, however, fully address the extent to which applications of the appropriate legal standards establish that suppression is necessary in his brief following the suppression hearing, which, respectfully, is a far more appropriate forum for that argument.

      As defendant Mukherji has argued, the Court must, in fact, hold a suppression hearing. Indeed, the United States Court of Appeals for the Third Circuit has made clear that a suppression hearing is warranted if a defendant alleges a "colorable claim" for relief. Def.'s Br. at 7. To establish that claim for relief, Mr. Mukherji has provided the Court with a certification that disputed the central assertion upon which the prosecution now seeks to justify this search and seizure: that there was consent to search the Tiffany bag. Pro.'s Br. at 4. Accordingly, he argued, a suppression hearing "ordinarily is required," *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986), because the defendant has made a sufficient showing by way of a sworn statement setting forth that he did not, as the prosecution claims, consent to a search of his bag. *E.g., United States v. Conrad*, No. 05 CR 931, 2008 U.S. Dist. LEXIS 72881, at *3 (N.D. Ill. Sept. 24, 2008) (holding a suppression hearing because the defendant's affidavit set forth facts contrary to the prosecution's reports); *United States v. Marquez*, 367 F. Supp. 2d 600, 603 (S.D.N.Y. 2005) (requiring a hearing because the defendant's affidavit presented a factual dispute).

GIBBONS P.C.

November 7, 2008
Page 2

      The prosecution does not in any way respond to the defendant's argument. Nowhere in its opposition brief does the prosecution address the applicable legal standard for a suppression hearing, challenge the contention that the defendant has made the requisite showing, or offer a single citation to statutory or decisional law to challenge the defendant's assertion that a suppression hearing is warranted in this case. The prosecution's failure in this regard is telling and derives from the fact that no credible challenge can be mustered to defendant Mukherji's request for a suppression hearing. Indeed, the prosecution's brief effectively admits that a hearing is warranted by stating, "The Government's version of the events differs significantly from defendant's …." Pro.'s Br. at 3. That acknowledgement from the prosecution alone suffices to warrant a suppression hearing in this matter because it provides "sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F. 3d 615, 620 (9th Cir. 2000). Indeed, the defendant and the prosecution disagree on numerous significant facts including, but not limited to, the defendant's consent, and even the contents of the Tiffany bag as to which the prosecution contends Mr. Mukherji consented to have searched (the prosecution claims the clear bag containing Ritalin was simply in the Tiffany bag, while the defendant asserts that the clear bag was within several other layers of containers). Def.'s Br. at 2. And, a suppression hearing would afford the parties with an opportunity to establish, among other things, precisely how the Identification Documents at issue in this case were located on the defendant's person.

      For these reasons, the Court should hold a suppression hearing. As always, thank you for your attention to this matter.

      Respectfully submitted,

      /s/ Lawrence S. Lustberg

      Lawrence S. Lustberg
      Director

cc:      Raj Mukherji
           Philip J. Degnan, Ass't U.S. Attorney